IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: |
| v. | )<br>) |
| COREY SMITH,<br>Serve at:<br>7002 Blue Parkway<br>Kansas City, MO 64127 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| ASHTON D. DURHAM,<br>Serve at:<br>8812 Timbercreek Lane<br>Pleasant Valley, MO 64068 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| MARY WASHINGTON<br>Serve at:<br>2803 N. McComas Lane<br>Independence, MO 64050 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

COMES NOW Plaintiff Owners Insurance Company, pursuant to 28 U.S.C. § 1335, Fed. R. Civ. P. 22, and Mo. Rev. Stat. § 507.060, and states the following for its Complaint for Interpleader:

## PARTIES

1. Plaintiff Owners Insurance Company, Inc. ("Owners") is an insurance company incorporated in the State of Ohio and has its principal place of business in the State of Michigan.

2. Upon information and belief, Defendant Corey Smith is a resident of Missouri.

3. Upon information and belief, Defendant Ashton Durham is a resident of Missouri.

4. Upon information and belief, Defendant Mary Washington is a resident of Missouri.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Owners and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 because Owners is subject to competing claims for the limits of liability under a commercial general liability (CGL) policy issued to an insured residing in the State of Missouri, which may exceed the policy's total limits of insurance coverage for a fire related accident. Pursuant to 28 U.S.C. § 1335 and Mo. Rev. Stat. § 507.060, Owners may join Defendants to adjudicate the dispute as to their competing claims to the limits of insurance under the Owners policy.

7. The incident giving rise to this action occurred in Jackson County, Missouri.

8. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) and (3).

## FACTUAL BACKGROUND

9. This action arises from a fire accident which occurred on or about April 10, 2021 at 3911 Topping, Kansas City, Missouri 64129.

10. As a result of the fire, Defendants' decedents, Ashley Durham and Argenia Durham died.

11. At the time of the fire, Plaintiff was the insurer for Keli Management, Inc., which provided certain property management services at the loss location.

12. At the time of the fire, Lisa Gamble and Kenneth Gamble provided services for Keli Management, Inc., regarding the company's property management services provided at the loss location.

13. Wrongful death claims have been asserted against Keli Management and the Gambles by Defendant Smith in Missouri Case Number 2216-CV29005, currently pending in the Circuit Court of Jackson County, Missouri.

14. Wrongful death claims have been asserted against Keli Management and the Gambles by Defendant Washington in Missouri Case Number 2316-CV02238, currently pending in the Circuit Court of Jackson County, Missouri.

15. Plaintiff issued to Keli Management a CGL policy of insurance with policy number 114605-75944275-20 and effective dates of September 6, 2020, to September 6, 2021 (the "Owners Policy"). The Policy had a combined general liability limit of $1,000,000.00 for all claims arising out of any one occurrence. A copy of the Owners Policy is attached hereto as Exhibit A.

16. Owners has retained defense counsel to represent Keli Management and the Gambles regarding Defendants' claims, pursuant to the terms, provisions and conditions of the Owners Policy.

17. Defendants represent all known statutory beneficiaries that could present wrongful death claims against Keli Management for the fire at issue.

18. Auto-Owners Insurance Company (Auto-Owners) previously paid to these same Defendants the sum of $2,000,000.00 in exchange for a release of Auto-Owners' insured, River Park Townhouses, Inc. ("River Park"), under separate policies of insurance issued by Auto-Owners to River Park.

19. Auto-Owners' payments to Defendants under the River Park policies occurred on or about December 30, 2021.

20. On or about December 22, 2022, counsel for Defendant Smith made a demand upon Owners related to the claims against Keli Management only.

21. By way of letter dated January 27, 2023, counsel for Keli Management, retained by Owners to defend Keli Management against Defendants' claims, tendered the full $1,000,000.00 policy limit to Defendants in exchange for Defendants' agreement to resolve all claims for a full and complete release of Keli Management and the Gambles, inclusive of all liens.

22. By way of letter dated February 2, 2023, counsel for Owners advised of Owners agreement to also pay $99,369.89 in interest on the $1,000,000.00 Owners policy limit, with interest running at 9% percent from December 30, 2021 to February 2, 2023. Owners' offers in this regard is in addition to the $1,000,000.00 policy limit tendered by Keli Management's defense counsel on January 27, 2023.

23. Combined, Owners has agreed to pay to Defendants the total sum of $1,099,369.89 in exchange for a complete release of Owners' insured, Keli Management, which Owners is continuing to defend in this matter.

24. To date, the Owners settlement offer has not been accepted such that Owners remains subject to multiple conflicting claims and multiple possible lawsuits possibly in excess of each occurrence liability limit available under the Owners Policy.

## **COUNT I –INTERPLEADER**

25. Owners incorporates by reference each averment contained in the foregoing paragraphs as though fully set forth herein.

26. Under Section 507.060 RS Mo, "persons having claims against the plaintiff or plaintiff's insured may be joined as defendants and required to interplead their claims when their claims are such that the plaintiff is or may be exposed to multiple liability, including multiple claims against the same insurance coverage."

27. Under Federal Rule of Civil Procedure 22, a plaintiff may interplead when it is in possession of a common fund sought by multiple claimants and request a judicial resolution of the claimants' adverse claims to the fund.

28. Interpleader is appropriate where, as here, Owners is potentially exposed to multiple conflicting liabilities due to Defendants' adverse claims on the applicable insurance coverage in connection with Owners' insureds' potential liability arising from the fire.

29. Each Defendant named herein claims an interest in the proceeds of the Owners Policy and Defendants' conflicting claims or potential demands for payment of the limits of insurance under the Policy place Owners and its insureds in doubt as to which Defendants are entitled to the benefit of the Owners Policy's proceeds and how to apportion such proceeds among the various Defendants.

30. Owners is ready, willing, and able to pay the $1,000,000.00 each occurrence limit of the Policy in whatever manner the claimants, its insureds, and/or the Court see fit, and is indifferent to the way the Policy's proceeds are allocated and distributed amongst Defendants. Thus, Owners petitions the Court in Interpleader to determine the proper distribution of the Policy's $1,000,000 per occurrence limit of liability and $99,369.89 in interest proceeds previously offered by Owners.

31. Regardless of Owners' interpleader and payment of the amounts set forth herein, Owners will continue to afford a defense to Owners' insureds against any claims against them arising out of the fire under the Owners' Policy.

32. Owners has no other available or adequate remedy at law.

33. Therefore, Owners is entitled to interplead the sum of $1,099,369.89 for the Court's determination as to the allocation and distribution of the funds among Defendants.

**WHEREFORE**, Owners Insurance Company, prays for an Order from the Court as follows:

A. Declaring the rights of the parties concerning the Policy's $1,000,000.00 each occurrence liability limit and $99,369.89 in interest proceeds, which constitutes the interplead proceeds.

B. Distributing the interplead proceeds to the Defendants.

C. Declaring that pursuant to R.S.Mo. § 507.060, Owners shall not be liable to pay any amount in excess of the interplead proceeds to the Defendants, or to any other person or entity entitled to liability coverage under the Owners Policy as a result of the April 10, 2021 fire, but shall continue to afford a defense to Owners' insureds against any claims against them arising out of the fire;

D. Declaring that pursuant to R.S.Mo. § 507.060, Owners shall not be liable to pay any amount in excess of the interplead proceeds to the Defendants/Claimants or any other claimant seeking damages as a result of the April 10, 2021 fire for liability pursuant to its commercial general liability coverage under the Owners Policy, but shall continue to afford a defense to Owners' insureds against any claims against them arising out of the fire; and

E. For such further relief as the Court deems just and proper.

Respectfully Submitted,

WATTERS WOLF BUB & HANSMANN

*/s/ Russell F. Watters*
Russell F. Watters, #25758
Lucas J. Ude, #66288
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
T: 636-798-0570
F: 636-798-0693
rwatters@wwbhlaw.com
lude@wwblaw.com
*Attorneys for Plaintiff*
*Owners Insurance Company*